Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

FILED 28 APR '25 13:14 USDC-ORP

# UNITED STATES DISTRICT COURT

for the

District of Oregon

Portland_____ Division

| | |
|---|---|
| LEONID P. KRIVOLENKOV | Case No. __3:25-CV-702-AR__ <br> *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* <br> -v- | Jury Trial: *(check one)* ✓ Yes ☐ No |
| ROXSEE HUFF, JAMES CUTHBERTSON, DAVID RAMBIN AND WASHINGTON COUNTY OREGON | |
| *Defendant(s)* <br> *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | LEONID P. KRIVOLENKOV |
| Street Address | 11411 NE 47TH COURT |
| City and County | VANCOUVER, CLARK COUNTY |
| State and Zip Code | WASHINGTON 98686 |
| Telephone Number | (503) 339-4069 |
| E-mail Address | leokrivolenkov250k@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

11641

Defendant No. 1

| | |
|---|---|
| Name | ROXSEE HUFF |
| Job or Title *(if known)* | DEPUTY - WCSO |
| Street Address | 215 SW ADAMS AVE |
| City and County | HILLSBORO, WASHINGTON COUNTY |
| State and Zip Code | OREGON 97123 |
| Telephone Number | (503) 846-2700 |
| E-mail Address *(if known)* | UNKNOWN |

Defendant No. 2

| | |
|---|---|
| Name | JAMES CUTHBERTSON |
| Job or Title *(if known)* | SERGEANT - WCSO |
| Street Address | 215 SW ADAMS AVE |
| City and County | HILLSBORO, WASHINGTON COUNTY |
| State and Zip Code | OREGON 97123 |
| Telephone Number | (503) 846-2700 |
| E-mail Address *(if known)* | UNKNOWN |

Defendant No. 3

| | |
|---|---|
| Name | DAVID RAMBIN |
| Job or Title *(if known)* | DEPUTY - WCSO |
| Street Address | 215 SW ADAMS AVE |
| City and County | HILLSBORO, WASHINGTON COUNTY |
| State and Zip Code | OREGON 97123 |
| Telephone Number | (503) 846-2700 |
| E-mail Address *(if known)* | UNKNOWN |

Defendant No. 4

| | |
|---|---|
| Name | WASHINGTON COUNTY OREGON |
| Job or Title *(if known)* | MUNICILPAL GOVERMENT BODY |
| Street Address | 155 N 1ST AVE., SUITE 270 MS 11 (RISK MANAGEMENT) |
| City and County | HILLSBORO, WASHINGTON COUNTY |
| State and Zip Code | OREGON 97124 |
| Telephone Number | (503) 846-8755 |
| E-mail Address *(if known)* | riskmanagement@washington.gov |

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

✓ Federal question          ✓ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

This Court has subject matter jurisdiction over this action pursuant to Federal Civil Rights Act, 42 U.S. Code § 1983, this action seeks to redress the deprivation, under color of state law, of rights under the First, Fourth and Fourteenth Amendments secured by the United States Constitution.

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)*  LEONID P. KRIVOLENKOV                         , is a citizen of the

State of *(name)*  WASHINGTON                                 .

b.    If the plaintiff is a corporation

The plaintiff, *(name)*                                              , is incorporated

under the laws of the State of *(name)*                                                   ,

and has its principal place of business in the State of *(name)*

.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)*  ROXSEE HUFF                          , is a citizen of

the State of *(name)*  OREGON                              . Or is a citizen of

*(foreign nation)*                                   .

b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

As a direct, proximate, and foreseeable result of the Individual Defendant's conduct, plaintiff suffered physical injuries, harm, pain, and suffering, and compensable economic and noneconomic damages in an amount to be determined at trial of no less than $1,250,000.

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

PLEASE SEE ATTACHED

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

WHEREFORE, Plaintiff Leonid P. Krivolenkov respectfully request this Court grant the following relief:
A. On Plaintiff's First, Fourth, Fifth and Sixth causes of action, awarding plaintiff punitive damages in an amount to be determined at trial;
B. On Plaintiff's Second and Third causes of action, awarding plaintiff general and special damages in amounts to be determined at trial to the fullest extent permitted under the Oregon Tort Claims Act;

C. On Plaintiff's First, Fourth, Fifth and Sixth causes of action, awarding plaintiff compensatory damages in an amount to be determined at trial of no less than $1,250,000;

D. Costs, expenses, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988(b); and

E. Any such other and further relief as the Court may deem just or equitable and proper.

PLEASE SEE ATTACHED

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            04/28/2025

Signature of Plaintiff

Printed Name of Plaintiff        LEONID P. KRIVOLENKOV

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

## II. Basis for Jurisdiction

(2) The Defendant(s) (a)

1.     The defendant, Roxsee Huff, is a citizen and/or conducted her official business for the State of Oregon. At all relevant times, the defendant was a deputy and/or officer with WCSO and was acting under the color of the state law.

2.     The defendant, Sgt. James Cuthbertson is a citizen of the and/or conducted his official business for the State of Oregon. At all relevant times, the defendant was a sergeant and/or officer with WCSO and was acting under the color of the state law.

3.     The defendant, David Rambin is a citizen and/or conducted his official business for the State of Oregon. At all relevant times, the defendant was a deputy and/or officer with WCSO and was acting under the color of the state law.

4.     The defendant, Washington County Oregon, is a municipal body and a subdivision of the State of Oregon. It is authorized by law to maintain a police department, WCSO, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. At all times relevant to this lawsuit. Defendant Washington County Oregon was and is a "person" as that term is used by 42 U.S.C. § 1983. Washington County Oregon is the public employer of WSCO and its deputies Roxsee Huff, Sgt. James Cuthbertson, and David Rambin Police Officer Defendants.

## JURISDICTION & VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to Federal Civil Rights Act, 42 U.S. Code § 1983, this action seeks to redress the deprivation, under color of state law, of rights under the First, Fourth and Fourteenth Amendments secured by the United States Constitution.

6.     This Court also has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. 1367(a) because the 42 U.S. Code § 1983 violations and tort liability for the state law claims arise from a common nucleus of operative facts.

7.     Venue is proper in this Court pursuant to 28 U.S. Code § 1391(b).

8.     Plaintiff, Leonid P. Krivolenkov has complied with all applicable notice requirements of the Oregon Tort Claims Act.

## III. Statement of Claim

### INTRODUCTION

9.     Plaintiff, Mr. Krivolenkov is a United States citizen residing in Clark County, Washington and is a very respected business owner of multiple fields of business.

10.    On July 15th, 2023, on/or about 3:30 pm at/or near NW Bethany Blvd., and NW West Union Rd., he was lawfully operating a motor vehicle while conducting deliveries for customers and was carrying in his possession a valid Washington State driver's license.

11.    Defendant deputy Roxsee Huff observed Mr. Krivolenkov allegedly driving over the posted speed limit and initiated a routine traffic stop alleging violation of (ORS 811.111), "at least" 10 mph over the posted speed.

12.    Mr. Krivolenkov contested the alleged speeding violation requesting that Police Officer, defendant deputy Huff provide a method by which the alleged speed was calculated. Huff could not provide a response as to a specific measuring device used to calculate alleged speed. Huff states in her police report that after looking at her speedometer she was doing about 42 miles per hour, and that is how she estimated the speed of the Chevrolet to be at least 45 miles per hour.

13.    Huff demanded a production of Mr. Krivolenkov driver's license, liability insurance and vehicle registration.

14.    At no point did Mr. Krivolenkov refused production of such documents. Mr. Krivolenkov was simply posing questions for Huff to ascertain information for establishing the lawfulness of the traffic stop. On the contrary the record will show that Mr. Krivolenkov explicitly offered the production of his ID/License. However, deputy Huff responded, "yes I do but not right now you are being detained".

15.    Subsequently, Mr. Krivolenkov was ordered to exit the vehicle, his property was taken from him (cell phone), an unreasonable and excessive force was used to place him into handcuffs.

16.    Mr. Krivolenkov was then searched, his vehicle and contents thereof were searched and subsequently seized, impounded and towed away. Mr. Krivolenkov was then transported to Washington County jail where he was held on alleged criminal charges of resisting arrest and failure to carry or present license.

17.    On July 21st, 2023, Kevin Barton, District Attorney filled "District Attorney's Information" in the Circuit Court of the State of Oregon for Washington County, charging Mr. Krivolenkov with only one count of "FAILURE TO CARRY OR PRESENT LICENSE (C Misdemeanor; ORS 807.570), and in the description of alleged act(s) specifically articulating "...did drive unlawfully and knowingly drive a motor vehicle upon a highway in this State without a license,...". This is consistent with section (1)(a) of ORS 807.570, the statute in part reads as follows:

(1) A person commits the offense of failure to carry a license or to present a license to a police officer if the person either:

(a) Drives any motor vehicle upon a highway in this state without a license, driver permit or out-of-state license in the person's possession; or

18.     Mr. Krivolenkov upon the  arrangement hearing entered a plea of not guilty and proceeded with submission of the preliminary discovery to the Attorney's Office, with the exculpatory evidence of Mr. Krivolenkov innocence of the charged crime.

19.     On August 21st, 2023, the State filled "JUDMENT OF DISMISSAL" moving the Court to dismiss the charge. The Court granted the motion of the dismissal as to count 1 of the accusatory instrument filed herein and entered the order this matter is dismissed.

20.     Mr. Krivolenkov contested the speeding violation, including all related traffic violations, the Washington County Justice Court held a hearing, the speeding violation charge was also dismissed. Mr. Krivolenkov upon discovering new/additional facts intends to file motions with WCJC to dismiss the remaining alleged traffic offenses. The plaintiff holds firm belief that the traffic stop was not lawful, the moving violations are fabrication of facts. He believes that during discovery and depositions supportive evidence of such will be presented.

## NATURE OF THE ACTION

21.     Plaintiff, Mr. Krivolenkov brings this action pursuant to 42 U.S. Code § 1983 to recover monetary damages, a civil action for deprivation of rights, of his Constitutional Rights as guaranteed by the First, Fourth and Fourteenth Amendments of the United States of America, as well as a common law tort claims for false arrest, false imprisonment, assault and battery, and malicious prosecution. These rights are clearly established in law and case law.

## THE CONSTITUTIONAL RIGHT TO RECORD LAW ENFORCEMENT

22.    Mr. Krivolenkov, during the above-mentioned traffic stop was recording the interaction with his cell phone. The recording was done openly and on public property where he had the legal right to be at.

23.    The U.S. Court of Appeals for the Ninth Circuit has held that there is a First Amendment right to record matters of public interest in public places, which "includes the right to record law enforcement officers engaged in the exercise of their official duties in public places." *Askins v. Dep't of Homeland Sec.*, 899 F.3d 1035, 1044 (9th Cir. 2018); see also *Fordyce v. City of Seattle*, 55 F.3d 436 (9th Cir. 1995).

24.    Defendant, deputy Huff violated Mr. Krivolenkov's right to record police, a right secured to him under the First Amendment to the US Constitution by ordering him out the vehicle and proceeding to unlawfully detain him without objectively articulating the reason for the detainment, seizing his phone by grabbing it out of his hand and throwing it onto the vehicle's seat, thus caused the device to stop recording.

25.    Mr. Krivolenkov has explicitly stated to deputy Huff that "no you cant's have my phone it is my right to record".

26.    Actions of deputy Huff caused a chilling effect on Mr. Krivolenkov in his exercise of his constitutional right under the First Amendment to the US Constitution, and subsequent detainment and forcibly placing of him into handcuffs was unreasonable and excessive.

27.    In *Gericke v. Begin*, 753 F.3d 1 (2014), the First Circuit Court of Appeals affirmed *Glik* and further explained that "[i]t was clearly established [as of 2010] that the First Amendment right to film police carrying out their duties in public, including a traffic stop,

remains unfettered if no reasonable restriction is imposed or in place [i.e., reasonable orders to maintain safety and control]." Id. at 10.

28.     As the cases cited above clearly establish, the First Amendment protects the right to record government officials' public performance of their jobs. This constitutional safeguard preserves two core free speech interests: promoting an informed discussion of government affairs and uncovering government misconduct. Mr. Krivolenkov' s right to record police was clearly established and constitutionally protected.

## THE RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES AND THE RIGHT TO BE FREE FROM UNRESONABLE AND EXCESSIVE FORCE

29.     Defendant deputy Rambin WCSO upon arriving on the scene he immediately proceeded to use unreasonable and excessive force against Mr. Krivolenkov by grabbing his arm and/or wrist slamming him against the vehicle while applying force to his shoulder, thus violating the rights secured to Mr. Krivolenkov under the Fourth Amendment.

30.     Fourth Amendment to the US Constitution protects the right of people to be secure in their person,  papers, and effects, against unreasonable searches and seizures, shall not be violated.

31.     Excessive force violates the Fourth Amendment of the U.S. Constitution, which forbids unreasonable searches and seizures by law enforcement. This means that police officers cannot use more force than is necessary to arrest someone or handle a situation. Under the totality of the circumstances and the crime(s) alleged, and the force used was unlawful, unreasonable and excessive.

32.    Upon release from jail and returning to his home, Mr. Krivolenkov made a record of the physical bodily injuries he has suffered because of the unreasonable and excessive force applied by officers with his cell phone. These injuries include but are not limited to: cuts, scrapes and bruising to his finger, arm and leg. Additional use of force will be presented as evidence via "Use of Force Report".

33.    Subsequently, Mr. Krivolenkov was unlawfully seized and searched, he was then placed in the police patrol vehicle.

34.    Sgt. Cuthbertson, WCSO conducted a search of the vehicle of Mr. Krivolenkov without obtaining consent, a search warrant, or establishing probable cause of a crime.

35.    During this search Sgt. Cuthbertson retrieved two cell phones and a wallet which was in the closed center compartment of the vehicle. A wallet containing Mr. Krivolenkov's valid out of state driver's license.

36.    Mr. Krivolenkov requested to have a conversation with Sgt. Cuthbertson and proceeded to convey to him that his detainment and/or arrest was unlawful and false. That he did not commit any crimes. Mr. Krivolenkov expressed to Sgt. Cuthbertson that he was contesting the lawfulness of the traffic stop and was simply attempting to ascertain facts about the stop.

37.    Prior to the final decision to transport him to jail deputy Rambin proceeded to conduct a second warrantless search of Mr. Krivolenkov's vehicle.

38.    During this second search, Deputy Rambin opened a closed trunk compartment, closed engine compartment, reviewed private and sensitive documents, and opened a closed bag with business related item, a perishable food product.

39.     After opening the business bag "DoorDash" he then through the bag on the vehicles floor while laughing at the process. He has exhibited extreme distain for the property.

40.     During one of the discussions as to the alleged conduct and crimes of the Mr. Krivolenkov, Rambin stated "he earned this one" referring to Mr. Krivolenkov.

41.     After the search Rambin requested guidance from Sgt. Cuthbertson about the use of force that was applied, articulating to him specifics.

42.     Rambin then posed a question to Sgt. Cuthbertson if this was a "use of force ?", to which sergeant replied, "no not in my book".

43.     Sgt. Cuthbertson proceeded to discuss the alleged crimes with deputy Huff and Rambin, and it was concluded that Mr. Krivolenkov did not resist the arrest, he did not fight.

44.     Sgt. Cuthbertson then advised deputy Huff of the other option, which was to "give him a bunch of tickets cancel the tow and get out of here".

45.     Deputy Huff responded, "no his's going to jail".

46.     Sgt. Cuthbertson has failed to properly supervise and intervene to stop the unlawful arrest, false arrest, false imprisonment, and subsequent malicious prosecution of Mr. Krivolenkov.

47.     All defendants willingly and knowingly conspired to violate the constitutional rights of Mr. Krivolenkov by fabricating criminal charges, mocking him and laughing at him. Mr. Krivolenkov was treated in an aggreges manner as if this was a game for the duties, a fun activity on a slow day, something that they were excited about.

48.      Deputy Huff initiated transporting Mr. Krivolenkov to jail, while Sgt. Cuthbertson and Rambin remained at the scene to supervise the tow process of Mr. Krivolenkov's vehicle, causing monetary damages to retrieve the vehicle from impound lot.

49.      Deputy Huff while transporting Mr. Krivolenkov to the jail, deviated from the path to the intended destination, and pulled into the residential neighborhood, stopped and initiated and/or responded to a phone call presumably with Sgt. Cuthbertson.

50.      Huff began to say: "This is deputy Huff,... no I'm not,... why?... Ok... is there anything else that I could do?... Ok we will go through with this then...(repeat)... I think I have passive resist I just didn't want to... Alright... Ok thank you...and just FYI... I pulled over if I should have a conversation..."

51.      Huff admitted in this conversation that Mr. Krivolenkov was in-fact only "passively resisting", this fact if further supported by her previous statement that he "did not fight". She proceeded to conspire and fabricate (criminal and/or traffic) charges lacking probable cause for any of the alleged violations of law.

52.      Despite Huff's admission and lack of probable cause for the alleged crime of ORS 162.315 Resisting Arrest, deputy Huff charged Mr. Krivolenkov with the alleged crime for which he was falsely arrested and falsely imprisoned. She further lacked probable cause for the alleged charge of ORS 807.570 for which Mr. Krivolenkov was falsely arrested and subsequently maliciously prosecuted.

53.      Despite Huff acknowledging that Mr. Krivolenkov's has a driver's license, which he did in-fact carry. Deputy Huff without probable cause charged him with the alleged crime of

ORS 807.570 Failure to Carry or Present License, for which he was falsely arrested and falsely imprisoned.

54.    Subsequently, Mr. Krivolenkov was maliciously prosecuted for one count of allegedly violating ORS 807.570, a charge which was ultimately dismissed.

55.    As a direct, proximate, and foreseeable result of defendants Roxsee Huff, Sgt. James Cuthbertson, David Rambin, Washington County Oregon and/or employees thereof, unlawful conduct, Plaintiff suffered depravation of his constitutional rights, physical injury, harm, pain and suffering, and compensable economic and noneconomic damages.

56.    At all relevant times, the defendants' conduct was malicious, willful, wanton, egregious and/or reckless.

## FIRST CAUSE OF ACTION

### (42 U.S. Code § 1983 – First Amendment)

### (Against the Individual Defendants, Roxsee Huff, David Rambin and Sgt. James Cuthbertson, in Their Individual Capacity)

57.    All prior paragraphs are incorporated.

58.    The First Amendment to the United States Constitution prohibits abridgment of freedom of speech, freedom of press and it guarantees the right of citizens to assemble peaceably and to petition their government.

59.    The First Amendment is applied to the states through the Fourteenth Amendment.

60.    Under the First Amendment, there is a clearly established right by a member of the public to video and/or audio record law enforcement officers in a public place when the officers are acting in the course of their official duties, provided that the recording does not interfere with the officer's performance of those duties.

Page 10 of 17 – ATTACHMENT TO CIVIL COMPLAINT – LEONID P. KRIVOLENKOV

61. This right is not contingent on the recording being done openly.

62. Under 42 U.S. Code § 1983, every person acting under color of state law who deprives another person of his or her constitutional rights is also liable at law and in equity.

63. Defendants deputies/officers of WCSO violated Mr. Krivolenkov' s clearly-established rights under the First Amendment when they arrested, and charged Mr. Krivolenkov with Resisting Arrest and Failure to Carry or Present License, when he was simply using his phone to record deputies/officers and/or WCSO employees during their public duties in a public place without interfering with the performance of those duties, they have retaliated against the plaintiff for refusing to obey their unlawful commands and arrested him for simply standing firm in defense of his rights of freedom of press, the freedom of speech and freedom to peaceably protest and petition the government.

64. As a result, Mr. Krivolenkov has suffered serious damage to his reputation; humiliation, embarrassment, mental and emotional anguish, and distress; and significant economic injury.

65. Accordingly, the Defendants violated Mr. Krivolenkov' s right under the First Amendment of the United States Constitution to record police officers, peaceably protest and exercise freedom of speech and/or expression in a public space.

## SECOND CAUSE OF ACTION

### (False Imprisonment, Assault and Battery – Common Law Tort Claim)

### (Against all the Defendants, in Their Individual and in Their Official Capacity)

66. Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

67.     Defendants engaged in intentional attempts to do violence to the person of plaintiff, coupled with the present ability to carry out the intentions into effect.

68.     Defendants engaged in voluntary acts that caused intentionally harmful and offensive contact with Plaintiff, including pushing, twisting of arms and fingers, causing bruising, scrapes, and other acts of force, violence, and intimidation.

69.     As a direct, proximate, and foreseeable result of the Individual Defendant's conduct, plaintiff suffered physical injuries, harm, pain, and suffering, and compensable economic and noneconomic damages.

## THIRD CAUSE OF ACTION

### (Malicious Prosecution – Common Law Tort Claim)

### (Against Defendant(s) deputy Roxsee Huff and Washington County Oregon, in Their Individual and in Their Official Capacity)

70.     Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

71.     Defendants engaged in intentional attempts to commit violence to the person of plaintiff, coupled with the present ability to carry out the intentions into effect.

72.     Defendants engaged in voluntary acts of malicious prosecution without probable cause of a crime, invoking the legal system to extort, threaten, or harass the plaintiff.

73.     As a direct, proximate, and foreseeable result of the Defendant's conduct, the plaintiff suffered, harm, emotional stress, and compensable economic and noneconomic damages.

## FOURTH CAUSE OF ACTION

### (42 U.S. Code § 1983 – Excessive Force – Fourth Amendment)

Page 12 of 17 – ATTACHMENT TO CIVIL COMPLAINT – LEONID P. KRIVOLENKOV

## (Against all the Individual Defendants, Roxsee Huff and David Rambin, in Their Individual Capacity)

74.     Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as it fully sets forth herein.

75.     As set forth with particularity above, the Individual Defendants used excessive and unreasonable force under the circumstances against plaintiff to effectuate the arrest in violation of his Fourth Amendment rights to be secure in his person.

76.     As a direct, proximate, and foreseeable result of the Individual Defendants' conduct, plaintiff suffered deprivation of his constitutional right, injuries, harm, pain and suffering, and compensable economic and noneconomic damages.

77.     The Individual Defendants' conduct was malicious, willful, wanton, reckless and/or egregious.

## FIFTH CAUSE OF ACTION

### (42 U.S. Code § 1983 – Fourth Amendment)

### (Against the Individual Defendants, Roxsee Huff, David Rambin and Sgt. James Cuthbertson, in Their Individual Capacity)

78.     All prior paragraphs are incorporated.

79     The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures.

80.     The Fourth Amendment is applied to the states through the Fourth Amendment.

81.     Under 42 U.S. Code § 1983, every person acting under color of state law who deprives another person of his or her constitutional rights is also liable at law and in equity.

82.    Because Mr. Leonid P. Krivolenkov was engaging in activity protected under the First Amendment when he was simply using his phone to record and protest actions of WCSO deputies and/or employees doing their public duties in a public place without interfering with the performance of those duties, the MCSO deputies and/or employees Defendants violated Mr. Krivolenkov' s clearly-established right to be free from unreasonable searches and seizures under the Fourth Amendment by detaining him without reasonable suspicion and arresting him without probable cause that he had committed a crime.

83.    Defendants' deputies/officers and/or employees of WCSO acted with intentional disregard for Mr. Krivolenkov' s clearly established constitutional rights under the Fourth Amendment.

84.    As a result, Mr. Krivolenkov has suffered serious damage to his reputation; humiliation, embarrassment, mental and emotional anguish, and distress; and significant economic injury.

85.    Accordingly, the WCSO  deputies and/or employees thereof violated Mr. Krivolenkov' s rights under the Fourth Amendment of the United States Constitution.

## SIXTH CAUSE OF ACTION

### (42 U.S. Code § 1983 – Malicious Prosecution - Fourth Amendment)

### (Against the Individual Defendants, Roxsee Huff, David Rambin and Sgt. James Cuthbertson, in Their Individual Capacity)

86.    All prior paragraphs are incorporated.

87.    The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures.

88.    The Fourth Amendment is applied to the states through the Fourteenth
Amendment.

89.    Under 42 U.S. Code § 1983, every person acting under color of state law who
deprives another person of his or her constitutional rights is also liable at law and in equity.

90.    Because Mr. Leonid P. Krivolenkov was engaging in activity protected under the
First Amendment when he was simply using his phone to record and protest actions of WCSO
deputies and/or employees thereof conducting their public duties in a public place without
interfering with the performance of those duties, the WCSO deputies and/or employees
Defendants violated Mr. Krivolenkov' s clearly-established right to be free from unreasonable
searches and seizures under the Fourth Amendment by detaining him without reasonable
suspicion and arresting him without probable cause that he had committed a crime.

91.    Individual Defendants, Roxsee Huff, David Rambin and Sgt. James Cuthbertson
have willingly and intentionally colluded and conspired to retaliate against the Plaintiff, to
charge him for the alleged crimes of Resisting Arrest and Failure to Carry or Present License.

Individual Defendant Roxsee Huff proceeded to abuse her authority, powers and legal
system by initiating action against the Plaintiff, maliciously and without probable cause charging
him with the above-mentioned alleged crimes.

92.    Defendants' deputies/officers and/or employees of WCSO acted with intentional
disregard for Mr. Krivolenkov' s clearly established constitutional rights under the Fourth
Amendment.

93.    As a result, Mr. Krivolenkov has suffered serious damage to his reputation;
humiliation, embarrassment, mental and emotional anguish, and distress; and significant
economic injury.

Page 15 of 17 – ATTACHMENT TO CIVIL COMPLAINT – LEONID P. KRIVOLENKOV

94.    Accordingly, the WCSO deputies and/or employees violated Mr. Krivolenkov' s

rights under the Fourth Amendment of the United States Constitution.

## DEMAND FOR A JURY TRIAL

Plaintiff Leonid P. Krivolenkov, by Pro se, respectfully demands a trial by jury on all claims so triable.

### IV. Relief

## RELIEF REQUESTED

WHEREFORE, Plaintiff Leonid P. Krivolenkov respectfully request this Court grant the following relief:

A.    On Plaintiff's First, Fourth, Fifth and Sixth causes of action, awarding plaintiff punitive damages in an amount to be determined at trial;

B.    On Plaintiff's Second and Third causes of action, awarding plaintiff general and special damages in amounts to be determined at trial to the fullest extent permitted under the Oregon Tort Claims Act;

C.    On Plaintiff's First, Fourth, Fifth and Sixth causes of action, awarding plaintiff compensatory damages in an amount to be determined at trial of no less than $1,250,000;

D.    Costs, expenses, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988(b); and

E.    Any such other and further relief as the Court may deem just or equitable and proper.

**In the name of Jesus my God, the God of Israel, I am declaring my God's promises, His blessings over me, and the victory in this case:**

Page 16 of 17 – ATTACHMENT TO CIVIL COMPLAINT – LEONID P. KRIVOLENKOV

*No weapon formed against you shall prosper,*
*And every tongue which rises against you in*
*judgment You shall condemn.*
*This is the heritage of the servants of the Lord,*
*And their righteousness is from Me,"*

*Says the Lord.*

Isaiah 54:17 NKJV

But thus says the LORD:

"Even the captives of the mighty shall be taken away,
And the prey of the terrible be delivered;
For I will contend with him who contends with you,
And I will save your children.
I will feed those who oppress you with their own flesh,
And they shall be drunk with their own blood as with sweet wine.
All flesh shall know
That I, the LORD, *am* your Savior,
And your Redeemer, the Mighty One of Jacob."

Isaiah 49:25-26 NKJV

Respectfully and courageously submitted,

Leonid P. Krivolenkov
Pro se