Kimberly A. Stuart, OSB No. 054685
Senior Assistant County Counsel
*kimberly_stuart@washingtoncountyor.gov*
Office of Washington County Counsel
155 N First Avenue, Suite 250, MS 24
Hillsboro, OR 97124
Phone (503) 846-8747
Fax (503) 846-8636
Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LEONID P. KRIVOLENKOV, | Case No. 3:25-cv-00702-AR |
| Plaintiff, | |
| v. | DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT |
| ROXSEE HUFF, JAMES CUTHBERTSON, DAVID RAMBIN, and WASHINGTON COUNTY OREGON, | *Jury Trial Demanded* |
| Defendants. | |

In answer to Plaintiff Leonid Krivolenkov's Complaint (ECF 1) ("the Complaint"), Defendants Roxsee Huff ("Huff"), James Cuthbertson ("Cuthbertson"), David Rambin ("Rambin"), and Washington County (collectively, "Defendants") admit, deny, and allege as follows:

BASIS FOR JURISDICTION

1. Defendants admit this is an action under federal law and the court has jurisdiction over Plaintiff's claims.

JURISDICTION & VENUE

2. Defendants admit venue in Oregon, Portland Division is proper.

3. Defendants admit on or about October 6, 2023, Office of Washington County Counsel received correspondence from Plaintiff, labelled "NOTICE OF TORT CLAIM PURSUANT TO ORS 30.275".

## PARTIES

4. Defendants admit plaintiff Leonid P. Krivolenkov is a resident of Clark County, Washington.

5. Defendants admit at all material times, they were employed by the Washington County Sheriff's Office (WCSO) and acting in the course of their employment.

6. Defendants admit Washington County is a political subdivision of the State of Oregon, and the Washington County Sheriff's Office is the law enforcement agency for Washington County.

## GENERAL ALLEGATIONS

7. Defendants admit on or about July 15, 2023, Deputy Huff observed Plaintiff driving over the posted speed limit under ORS 811.111. Defendants further admit Deputy Huff initiated a traffic stop and Plaintiff failed to show any signs of pulling over or slowing down, driving about half a mile until Deputy Huff initiated her siren.

8. Defendants further admit, once Plaintiff pulled over, he attempted to argue about the alleged violation of speeding with Deputy Huff and began to record his interaction with a cell phone.

9. Defendants admit Deputy Huff asked for Plaintiff's licenses, insurance and vehicle registration documents and Plaintiff ignored her initial requests. Defendants

further admit Plaintiff continued to argue with Deputy Huff about his speed. Defendants further admit Deputy Huff recorded her interaction with Plaintiff on body worn camera.

10. Defendants admit after attempts to identify Plaintiff were not successful, Deputy Huff ordered him out of his vehicle. Defendants further admit after Deputy Huff made numerous commands to place Plaintiff's hands behind his back, he refused to do so and would not comply with her attempts to place him in handcuffs. Defendants further admit after Deputy Rambin and Sergeant Cuthbertson arrived, Deputy Rambin assisted Deputy Huff and Plaintiff was placed in handcuffs.

11. Defendants admit Plaintiff was searched incident to arrest and prior to deputy transport to the Washington County Jail (WCJ) and his property and vehicle were inventoried. Defendants admit Plaintiff's vehicle was towed. Defendants further admit Plaintiff's property was placed into custody for him at the WCJ. Defendants further admit Plaintiff was transported and booked into the WCJ for resisting arrest and failing to carry or present a license.

12. Upon information and belief, *State v. Leonid Krivolenkov*, Washington County Circuit Court Case No. 23CR34999 appears to be set aside and is unavailable on the Oregon Judicial Information Network (OJIN).

13. Defendants admit that on or about October 9, 2023, Judge Daniel Cross, Washington County Justice Court found Plaintiff guilty of violating ORS 811.375 (unlawful or unsignaled lane change) and ORS 806.012 (failure to present insurance). Defendants admit Judge Cross dismissed the charge of speeding under ORS 811.111. Defendants further admit Plaintiff paid fines and fees relating to the above violations.

14. Except as otherwise expressly admitted in paragraphs 1-13 above, Defendants do not have sufficient information to admit or deny and therefore deny the remainder of all allegations in the Complaint and the whole thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

15. Some or all of Plaintiff's claims fail to state a clam for relief under state or federal law.

### SECOND AFFIRMATIVE DEFENSE

(Oregon Tort Claims Act)

16. Plaintiff's state law claims are subject to the requirements and limitations set forth on the Oregon Tort Claims Act, ORS 30.260 *et seq.* Any claim for damages is limited by the cap on damages set forth in the Oregon Tort Claims Act as to all state law claims.

### THIRD AFFIRMATIVE DEFENSE

(Punitive Damages)

17. Pursuant to the Oregon Tort Claims Act and applicable federal law, Plaintiff cannot recover punitive damages.

### FOURTH AFFIRMATIVE DEFENSE

(Qualified Immunity)

18. Individual defendants are entitled to qualified immunity on Plaintiff's federal claims.

### FIFTH AFFIRMATIVE DEFENSE

(Apparent Authority Immunity)

19. Defendants are entitled to apparent authority immunity on Plaintiff's state law claims.

## SIXTH AFFIRMATIVE DEFENSE

(*Heck* Bar)

20. Plaintiff's convictions or plea resulting in convictions act as a bar to any federal claims against Defendants as a matter of law under *Heck v. Humphrey.*

## SEVENTH AFFIRMATIVE DEFENSE

(Probable Cause)

21. Defendants' actions were justified as a matter of law based on probable cause, even if mistaken, to arrest Plaintiff and all actions were done without malice.

## EIGHTH AFFIRMATIVE DEFENSE

22. Plaintiff's damages, if any, are the result of his own actions and/or inactions.

## NINTH AFFIRMATIVE DEFENSE

23. Some or all of the damages claimed by Plaintiff are not recoverable as a matter of law, including but not limited to damages for respondeat superior under *Monell*.

## TENTH AFFIRMATIVE DEFENSE

24. Plaintiff failed to mitigate his damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

25. Plaintiff as *pro se* litigant is not entitled to attorney's fees under 42 USC 1988 per *Kay v. Ehrler*, 499 U.S. 432 (1991).

## TWELFTH AFFIRMATIVE DEFENSE

26.     Defendants reserve the right to raise additional defenses that may become apparent during the course of discovery.

## COUNTERCLAIM

27.     Defendants are entitled to attorney fees and costs under 42 USC 1988 if determined to be the prevailing party.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray for judgment in their favor, including an award of costs, disbursements and fees pursuant to 42 U.S.C. § 1988.

DATED: June 20, 2025.

Respectfully submitted,

*s/Kimberly A. Stuart*
Kimberly A. Stuart, OSB No. 054685
Senior Assistant County Counsel
*kimberly_stuart@washingtoncountyor.gov*
Attorney for Defendants

CERTIFICATE OF SERVICE

      I certify that on June 20, 2025 I served a true and correct copy of each of the documents listed below on the following attorneys and parties by one of the following methods as designated for each recipient of service below:

| | |
|---|---|
| Mail | First class mail plainly addressed as shown and deposited, postage fully prepaid, on June 20, 2025, with the U.S. Postal Service for delivery. |
| Mail | Certified. |
| Fax | Facsimile. |
| Personal | Hand delivery directly to such person. |
| Office | Hand delivery to a clerk or person apparently in charge of such person's office. |
| Home | Hand delivery to a resident over 14 years of age at such person's residence. |
| OJD | OJD eFiling System |
| ECF | Electronic filing with the Court. |
| ODYSSEY | Electronic filing with the Court. |
| Email | Electronic mail pursuant to ORCP 9 G/FRCP 5(b)(E). |

Persons Served:

| Name and Address | Attorney for | Service Method(s) |
|---|---|---|
| Leonid Krivolenkov, Pro Se<br>11411 NE 47th Court<br>Vancouver, WA 98686<br>Leokrivolenkov250k@gmail.com | Pro Se | Mail, ECF |

Documents:

| |
|---|
| DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT |

                                              */s Kimberly A. Stuart*
                                              KIMBERLY A. STUART; OSB No. 054685
                                              Senior Assistant County Counsel
                                              *kimberly_stuart@washingtoncountyor.gov*
                                              Of Attorneys for Defendants

23-8778