Kimberly A. Stuart, OSB No. 054685
Senior Assistant County Counsel
*kimberly_stuart@washingtoncountyor.gov*
Office of Washington County Counsel
155 N First Avenue, Suite 250, MS 24
Hillsboro, OR 97124
Phone (503) 846-8747
Fax (503) 846-8636
Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LEONID P. KRIVOLENKOV, | Case No. 3:25-cv-00702-AR |
| Plaintiff, | |
| v. | DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DISMISS |
| ROXSEE HUFF, JAMES CUTHBERTSON, DAVID RAMBIN, and WASHINGTON COUNTY OREGON, | (ORAL ARGUMENT NOT REQUESTED) |
| Defendants. | |

## LR 6.1 CERTIFICATION

Plaintiff *Pro Se* contacted defendants' counsel to discuss the motion; however, the issue could not be resolved.

## RESPONSE

Defendants file the following response to Plaintiff's Motion to Dismiss Defendants' Counterclaim (ECF 15), for attorney fees, asserted under 42 U.S.C. § 1988. Plaintiff moves to dismiss the counterclaim claiming that (1) the counterclaim is not the appropriate mechanism to request an award for attorney fees and (2) Defendants are

Page 1 of 2 – DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DISMISS

not yet the prevailing party, and therefore not entitled to attorney fees at this stage. *See* Plaintiff's Motion to Dismiss ECF 15, pp. 1-2.

For pleadings, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Because federal rules are based on notice pleading, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (additional citations omitted)). Those minimal requirements also apply to any answer. *See* Fed. R. Civ. Pro. 7(a)(2) (noting that an answer is also a pleading).

Here, Defendants alleges entitlement to attorney fees. That counterclaim is fair notice to Plaintiff that Defendants will seek those fees and costs and the grounds upon which that assertion is made. As stated above, such notice satisfies Fed. R. Civ. Proc. 8(a)(2). Therefore, Defendants respectfully request the Court deny Plaintiff's Motion to Dismiss.

DATED: July 28, 2025.

    *s/Kimberly A. Stuart*
Kimberly A. Stuart, OSB No. 054685
Senior Assistant County Counsel
*kimberly_stuart@washingtoncountyor.gov*
Attorney for Defendants