**David C. Lewis**, OSB No. 953348
Senior Assistant County Counsel
*Dave_lewis@washingtoncountyor.gov*
Office of Washington County Counsel
155 N First Avenue, Suite 250, MS 24
Hillsboro, OR 97124
Phone (503) 846-8747
Fax (503) 846-8636
Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LEONID P. KRIVOLENKOV, | No. 3:25-cv-00702-AR |
| Plaintiff, | |
| v. | DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |
| ROXSEE HUFF, JAMES CUTHBERTSON, DAVID RAMBIN, and WASHINGTON COUNTY OREGON, | |
| Defendants. | |

Plaintiff's response to the Defendants' motion for summary judgment confirms that summary judgment should be granted. He repeatedly relies upon conjecture, speculation and unsupported personal opinion in opposition. However, conclusory allegations and personal opinions, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Schuler v. Chronicle Broad Co.*, 793 F.2d 1010, 1011 (9th Cir. 1986) (purely "subjective personal judgments do not raise a genuine issue of material fact."). Plaintiff cannot create a genuine issue of material fact based upon "bare allegation alone, without any evidence in the record." *Foster v. City of Indio*,

Page **1** of **16** - DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

908 F.3d 1204, 1217-18 (9th Cir. 2018). Moreover, Plaintiff's attempts to argue that there are genuine issues of material facts precluding summary judgment fail in light of Plaintiff's admissions and the independent evidence depicted in the Body Worn Camera (BWC) videos that capture the underlying events at issue. *See Scott v. Harris*, 550 U.S. 372, 378-80 (2007) (The courts do not accept a non-movant's version of events on summary judgment that is "clearly contradict[ed]" by evidence in the record and may view the facts in the light depicted by the video evidence). For the following reasons, summary judgment should be granted in its entirety based upon the undisputed evidence and arguments below.

A.      **Plaintiff's Evidentiary Objections and Motion to Strike.**

Plaintiff makes several unsupported evidentiary objections and motions to strike. However, Plaintiff did not properly confer telephonically or in person on the evidentiary objections or the motion to strike as required by L.R. 7-1(a) and 56-1(b). (Declaration of David C. Lewis in Supp. of Reply ¶ 8.) Rather, he sent an email only. (Plf's Resp in Opp'n to MSJ, ¶ 13; Lewis Dec. ¶¶ 4-8.) Accordingly, his evidentiary objections and motion to strike should be denied. L.R. 7-1(a)(3).

Regardless, Plaintiff argues generally that Exhibits 1-5 attached to DDA Carlos Catibayan's Declaration were produced in violation of the Circuit Court's Order to Seal the criminal case records. However, Plaintiff's objection is based entirely upon his own speculation and without any evidence in support. Regardless, all the exhibits attached to DDA Catibayan's Declaration were produced by Plaintiff in discovery. (Lewis Dec. in Supp. of Reply, ¶¶ 2-3.) DDA Catibayan did not access any sealed or expunged criminal court records. (Declaration of Carlos Catibayan in Supp. of Reply, ¶ 2.)

///

Page **2** of **16** - DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Moreover, Plaintiff does not contest the accuracy of any court record attached to DDA Catibayan's Declaration, except for Exhibit 2, Judge Wipper's Order finding probable cause. (*See* Ex. 2 to Catibayan Dec. in Support of MSJ.) Plaintiff attempts to argue that Order is false because he does not recall it being in the court's file. (Plf's Response in Opp'n to Defs' MSJ, ¶¶ 18-22.) However, Plaintiff fails to offer any evidence or sworn testimony in support of his fabrication argument. (*See* Declaration of Leonid P. Krivolenkov.) His Declaration is tellingly silent. (*See Id.*) He fails to offer the criminal court docket establishing that the Order did not exist. (*See Id.*) Plaintiff's unsupported argument of falsified official court records is legally insufficient to create questions of fact. F.R.C.P. 56(e).

DDA Catibayan testified in his Declaration that it was present in the Circuit Court's file, and it was not fabricated. (Catibayan Dec. in Supp of MSJ ¶ 3; Catibayan Dec. in Supp of Reply ¶ 3). Furthermore, the Order attached as Exhibit 2 to DDA Catibayan's Declaration <u>was produced by Plaintiff in discovery</u>. (Lewis Dec. in Supp. of Reply, ¶ 3.) In early October 2025, Plaintiff hand delivered two stacks of documents responsive to Defendants' discovery requests; one stack of documents was 32 pages, and the other stack of documents was 60 pages. (*Id.* ¶ 2.) Plaintiff did not bate stamp his documents prior to delivering. (*Id.*) The Order signed by Judge Wipper was contained within the 60-page stack of documents at page 46 of 60. (*Id.* ¶ 3.)[1]

Of course, to the extent this Court will entertain Plaintiff's unsupported evidentiary objection to Judge Wipper's Order, the issue can be conclusively resolved by unsealing the Washington County Circuit Court file. To the extent Plaintiff actually contests the authenticity of Judge Wipper's Order, Defendants are filing a Motion to Unseal the Criminal Court file in the Washington County Circuit Court matter of *State v. Leonid Pavlovich Krivolenkov*, Case No.

---

[1] Defendants' counsel is prepared to produce to the Court the electronically scanned discovery from Plaintiff dated October 6, 2025, for the Court's review if desired.

23CR34999. Defendants' counsel has conferred telephonically with Plaintiff on the motion to unseal, and Plaintiff objects to unsealing his criminal court file. (Lewis Dec. ¶ 9.) Defendants' counsel was unaware that Plaintiff contested the veracity or authenticity of <u>documents produced by him</u> until after Defendants filed their summary judgment motion. (Lewis Dec. ¶¶ 4-7.)

Plaintiff next objects to the BWC videos marked as Exhibit 1 to Declaration of Roxsee Huff Feliciano and Exhibit 1 to the Declaration of David Rambin on the grounds that he did not timely receive those exhibits because the CDs served on him were blank. Plaintiff is correct that the CDs served on him purporting to contain the BWC video exhibits were inadvertently blank. (Declaration of Rima Davidson in Supp. of Reply, ¶¶ 7-8.) Upon receiving notice that the CDs were blank, Defendants' counsel's office created a "ShareFile" link to those video exhibits, and it was shared via email with both the Court and Plaintiff on April 21, 2026. (*Id*. ¶ 9.) Defendant's counsel office then followed up with mailed USB drives containing the video exhibits to both this Court and Plaintiff on April 22, 2026. (*Id*. ¶ 10.) It is important to note that <u>Plaintiff never asserts that he did not receive the video exhibits via email or USB drive</u>. (*See* Plf's Resp in Opp'n to MSJ, ¶ 23; Davidson Dec. ¶¶ 9-10; Lewis Dec. in Supp. of Reply ¶ 7.) Rather, he only asserts that the initial service copies contained CDs that were blank. (*See Id*.)

The appropriate remedy for the late service of the video exhibits is not their exclusion, but rather an extension of time for Plaintiff to respond to the summary judgment motion if he so needed. However, Plaintiff already received an extension of time to respond by order of this Court. Pursuant to L.R. 7-1(f), Plaintiff's response to the motion for summary judgment was due 21 days after the April 14, 2026, service of the Defendants' motion, which would have been May 5th. However, this Court's Order of April 20, 2026, (ECF 32), granted Plaintiff until May 14, 2026, to file his response, which was 23 days after Defendant's counsel office emailed Plaintiff

the "ShareFile" link containing those video exhibits and 22 days after USB drives containing those video exhibits were mailed to him. Plaintiff did not seek any further extension of time. He has suffered no prejudice.

**B.    Defendants' Motion for Summary Judgment Should Be Granted.**

    **1.    Traffic Stop Lawful.**

Following a trial in the Washington County Justice Court, Plaintiff was found guilty of an unlawful or unsignaled lane change moving violation of O.R.S. 811.375. (Declaration of Nicolette Guzman Colburn in Supp. of Reply ¶ 2.) The Justice Court entered the judgment signed by Judge Daniel Cross on October 9, 2023. (*Id.*, Exhibit 1 to Colburn Dec.) Plaintiff paid his traffic fine on October 23, 2023, and his 30-day appeal period expired. (*Id.*) The back side of the Oregon Uniform Citation and Complaint containing Judge Cross's signature is the judgment. (*Id.*) The "Conviction Abstract" is not a judgment. (*Id.* ¶ 3.) Rather, the abstract is a digital reporting form to the Oregon Department of Motor Vehicles reporting convictions on traffic violations. (*Id.*)

Accordingly, the October 9, 2023, Justice Court Judgment renders Deputy Huff's traffic stop of Plaintiff was lawful as a matter of law and Plaintiff is barred from claiming otherwise. *See Picray v. City of Coburg*, No. CIV. 04-6172-TC, 2006 WL 1143081, at *2 (D. Or. Apr. 24, 2006) (holding prior Oregon municipal court guilty findings on traffic citations are given preclusive effect in subsequent civil lawsuits); *see also Heck v. Humphrey*, 512 U.S. 477 (1994) (conviction bars claim); *Nelson v. Emerald People's Utility District*, 318 Or. 99 (1993) (final determination precludes claim).

At a minimum, Deputy Huff is entitled to qualified immunity. Probable cause for any violation is probable cause for the entire stop. *Devenpeck v. Alford*, 543 U.S. 146, 153–54 (2004)

Page **5** of **16** - DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

(probable cause for any crime even crimes not articulated by the officer); *Bacon v. City of Tigard*, 81 Or. App. 147, 150 (1986) (same).

  **2.  Arrest Lawful.**

  Again, probable cause for any crime is probable cause for the entire arrest, even if the arresting officer articulates a different reason for the arrest. *Devenpeck*, 543 U.S. at 153-54; *Bacon*, 81 Or. App. at 150. "If a person is arrested for two or more offenses simultaneously, probable cause for one charge is a complete defense…." *LeRoy v. Witt*, 12 Or. App. 629, 631 (1973). Even arrests for traffic violations where state law only authorizes a citation, comply with the Fourth Amendment where there is probable cause. *Virginia v. Moore*, 553 U.S. 164, 171-76 (2008); *Miller v. City of Portland*, No. 3:11-CV-01509-JE, 2014 WL 320555, at *8-9 (D. Or. Jan. 29, 2014) (same)

  Probable cause is a low bar and does not require an officer to rule out a suspect's innocent explanation or lack of requisite intent. *D.C. v. Wesby*, 583 U.S. 48, 57 (2018); *Broam v. Brogan*, 320 F.3d 1023, 1032 (9th Cir. 2003). "Once probable cause is established, an officer is not required to continue his or her investigation to gain more information or to rule out any possible defense." *Brooks v. City of Henderson*, 726 F. App'x 658, 660 (9th Cir. 2018). "The potential existence of a defense or exemption is not relevant." *State v. Chilson*, 219 Or. App. 136, 141, *review denied*, 344 Or. 670 (2008). "[I]t suffices that [the officer] had a reasonable belief that the elements of the offense were present." *Id*.

  It is undisputed that Plaintiff committed an unlawful or unsignaled lane change observed by Deputy Huff as found by the Justice Court following trial. (Colburn Dec. ¶ 2.) Accordingly, probable cause existed as a matter of law for his arrest under the Fourth Amendment. *Moore*, 553 U.S. at 174-76; *Miller*, 2014 WL 320555, at *8-9.

Moreover, the Washington County Circuit Court made a judicial determination of probable cause to arrest the day after Plaintiff was arrested. (Judge Wipper Order attached as Ex. 2 to Catibayan Dec in Supp. of MSJ). That prior judicial determination precludes this Court from revisiting the probable cause issue here. *Nieves Martinez v. United States*, 997 F.3d 867, 879 (9th Cir. 2021).

Regardless, Deputy Huff's BWC video demonstrates probable cause to arrest Plaintiff existed as a matter of undisputed fact and law. (See Ex. 1 to Huff Dec. in Support of MSJ.) "When opposing parties tell two different stories, one of which is blatantly contradicted by the [video] record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380.

Deputy Huff's BWC video undisputedly establishes that Plaintiff did not present his driver's license to Deputy Huff after she asked for it multiple times. (Huff Dec. in Supp. of MSJ ¶¶ 5-7, BWC time 15:35 to 15:36:50, Ex 1 to Huff Dec.) O.R.S. 807.570(1)(b)(A) provides that the person commits the misdemeanor crime "if the person . . . [d]oes not present and deliver such license or permit to a police officer when requested by the police officer . . . [u]pon being lawfully stopped or detained when driving a vehicle." The elements of the crime were all present. Probable cause existed before he was asked to exit his vehicle.

The fact that Plaintiff actually possessed a driver's license in the vehicle is a defense to the criminal charge. O.R.S. 807.570(3). But a defense to a crime does not change whether probable cause existed for the elements of the crime. *Chilson*, 219 Or. App. at 141; *Brooks,* 726 F. App'x at 660.

Next, Deputy Huff's BWC video undisputedly establishes, along with Plaintiff's deposition admission, that probable cause existed to also arrest Plaintiff for the crime of

Resisting Arrest. Immediately, upon exiting the vehicle, Plaintiff was repeatedly told to put his hands behind his back and actively physically resisted Deputy Huff's attempts to get his hands behind his back. (Huff Dec. ¶ 8; BWC 15:36:55 and 15:37:15 Ex. 1 to Huff Dec.; Krivolenkov Depo. pp. 46-47, Ex. 1 to Declaration of David C. Lewis in Supp of MSJ.) O.R.S. 162.315(1) provides that the person commits the misdemeanor crime of resisting arrest if the person "intentionally resists a person known by the person to be a peace officer . . . in making an arrest." Resistance is defined as "the use of . . . physical force that creates a substantial risk of physical injury and includes, but not limited to, behavior clearly intended to prevent being taking into custody by overcoming the actions of the arresting officer." O.R.S. 162.315(2)(b).

Plaintiff contends that he lacked the requisite mental state to commit the crime because Deputy Huff never told him he was "under arrest," rather she only told him that he was "being detained." (Plf's Resp in Opp'n to MSJ ¶¶ 38-39, 47.) First, probable cause does not require an officer to rule out a suspect's requisite mental state. *Wesby*, 583 U.S. at 57; *Broam*, 320 F.3d at 1032. "[I]t suffices that [the officer] had a reasonable belief that the elements of the offense were present." *Chilson*, 219 Or. App. at 141.

More importantly, the Oregon Supreme Court has ruled that the term "arrest" in the resisting arrest statute means "'actual or constructive restraint' that is more than a stop, whether or not the restraint is imposed for the purpose of charging a person with an offense." *State v. McClure*, 355 Or. 704, 714 (2014). "Handcuffing a suspect is generally, though not always, a restraint that exceeds the scope of a stop." *State v. Werowinski*, 179 Or. App. 522, 528, *review denied*, 334 Or. 632 (2002); *United States v. Bautista*, 684 F.2d 1286, 1289 (9th Cir. 1982) ("[H]andcuffing substantially aggravates the intrusiveness of an otherwise routine investigatory detention and is not part of a typical Terry stop.") It is undisputable that Plaintiff was told

repeatedly he was "being detained" and ordered to put his hands behind his back which elevated the encounter to an "actual or constructive restraint" and that he actively, physically resisted to prevent Deputy Huff from getting his hands behind his back. The undisputable evidence is that she was trying to actually, physically restrain him at the time he was actively pulling his arm away and taking physical actions to prevent her from getting his arms behind his back and turning him around. Probable cause existed to also arrest Plaintiff for the crime of resisting arrest – physically resisting an actual restraint – as a matter of law and fact.

Plaintiff also focuses on Deputy Huff's repeated use of the phrase "passive resistance." (Plf's Resp in Opp'n to MSJ ¶ 46.) Deputy Huff did use that phrase. (Huff Dec. in Supp of MSJ ¶¶ 19-20.) However, Deputy Huff also used the term "resistance" and articulated in her Probable Cause Affidavit that Plaintiff "actively pulled his arm away" and described his active, physical resistance preventing her from getting him turned around and into handcuffs. (*Id*. ¶ 21; PC Aff. Ex. 2 to Huff Dec.) Plaintiff admitted in deposition that he "was actively trying to pull my arm that had my cell phone…." (Krivolenkov Depo. pp 46-47, Ex. 1 to Lewis Dec. in Supp. of MSJ.) Moreover, his active, physical resistance is undisputedly demonstrated in Deputy Huff's BWC video. (BWC 15:36:55 and 15:37:15 Ex. 1 to Huff Dec.). Therefore, regardless of the precise phrasing Deputy Huff used, Plaintiff's own admission and the undisputed video evidence establish probable cause to arrest Plaintiff on the crime of resisting arrest. *See Devenpeck*, 543 U.S. at 153-54 (an officer's articulated reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause.)

Therefore, probable cause existed to arrest Plaintiff for at least two crimes of Failure to Present and Resisting Arrest as a matter of law and fact. All Plaintiff's federal and state false arrest claims should be dismissed. At a minimum, Deputy Huff is entitled to qualified immunity.

Also, because the probable cause to arrest pre-existed the arrivals of Deputy Rambin and Sgt

Cuthbertson, they too are entitled to qualified immunity.

      **3.      First Amendment Not Violated.**

      Plaintiff utterly fails to establish any genuine dispute of material fact on his First

Amendment claim. He offers no evidence other than repeating his conclusory allegations that he

was "simply asking questions" and "recording matters of public interest in a public place." (Plf's

Resp in Opp'n to MSJ ¶¶ 54-56.)  However, it is undisputed that Plaintiff was lawfully stopped.

It is undisputed that Plaintiff repeatedly refused to provide his driver's license, registration and

insurance to Deputy Huff in the course of that lawful stop. It is undisputed that Plaintiff was told

to exit his car which he did and was told repeatedly to put his hands behind his back, but verbally

and physically refused and actively resisted Deputy Huff's attempts to get him into handcuffs. It

is undisputed that when Plaintiff was handcuffed by Deputy Huff and Deputy Rambin that his

cell phone was taken out of his hand and tossed on the driver's seat.

      None of those actions violated the First Amendment as they were all taken in the course

of a lawful stop and arrest for which there was undisputed probable cause. The existence of

probable cause generally defeats a First Amendment retaliatory arrest claim. *Nieves v. Bartlett*,

587 U.S. 391, 400-01 (2019). By his own admissions and as evidenced on the BWC video,

Plaintiff was actively interfering with Deputy Huff's lawful performance of her duties in the

course of a lawful stop and arrest. This Court has repeatedly held that officers do not violate the

U.S. Constitution by removing a cell phone from a suspect's hands during an arrest. *Krivolenkov*

*v. Ferrer*, No. 3:20-CV-00759-MO, 2020 WL 6152360 at *5 (D. Or. Oct. 20, 2020); *Bratcher v.*

*Polk County*, No. 3:20-CV-02056-SB, 2022 WL 17184419, at *8 (D. Or. Sept. 1, 2022), *report*

*and recommendation adopted*, No. 3:20-CV-2056-SB, 2022 WL 17178266 (D. Or. Nov. 23,

2022) At a minimum, Deputies Huff and Rambin and Sgt Cuthbertson are entitled to qualified immunity because "no case" has previously established those actions violated the First Amendment and "reasonable officer[s] in [their] position could have deemed it lawful to do what [they] did to effectuate the arrest." *Krivolenkov*, 2020 WL 6152360 at *5

### 4.    Excessive Force Not Used.

Summary judgment is appropriate if the court "concludes, after resolving all factual disputes in favor of the plaintiff, that the officer's use of force was objectively reasonable under the circumstances." *Scott v. Henrich*, 39 F.3d 912, 915-16 (9th Cir. 1994). Force that is minimal and of the garden variety to get a person into handcuffs as part of the normal handcuffing procedure does not rise to the level of a Fourth Amendment violation. *Jackson v. City of Bremerton*, 268 F.3d 646, 651-53 (9th Cir. 2001). This Court has repeatedly found that minimal force during the course of an arrest causing only minor scratches and bruises for which no medical attention was sought does not violate the Fourth Amendment. *See Bratcher*, 2022 WL 17184419, at *9 (granting summary judgment for defendants when the plaintiff suffered scratches when escorted to the patrol car and did not require subsequent medical attention); *Krivolenkov v. Yandell*, No. 3:22-CV-00498-SB, 2023 WL 6160778, at *6 (D. Or. Sept. 21, 2023), *aff'd*, No. 23-3094, 2025 WL 1467425 (9th Cir. May 22, 2025) (granting summary judgment for defendants where Plaintiff suffered only scratches and bruises during the course of a lawful arrest and did not subsequently seek any medical treatment); *see also Houston-Hines v. Houston. Indep. Sch. Dist.*, No. Civ.A. H-04-3539, 2006 WL 870459, at *5 (S.D. Tex. Apr. 5, 2006) (finding that the plaintiff had not raised a genuine issue of material fact to support excessive force claim where the alleged injuries suffered during an arrest were "scratches and

bruises[,]" explaining that "it is undisputed that [the plaintiff never] sought any treatment for such injuries" and the plaintiff received only "de minimis injuries during the incident").

Plaintiff does not dispute that the force used initially attempt to get him into handcuffs by Deputy Huff and eventually get him handcuffed by Deputies Huff and Rambin caused only very minor cuts and bruises for which he sought no medical attention. (*See* Plf's Resp in Opp'n to MSJ ¶¶60-64; Krivolenkov Depo. pp 32-33, 35-43, depo exhibits 1-3, Ex. 1 to Lewis Dec. in Supp. of MSJ.) Consequently, Plaintiff's resulting injuries were de minimis and would easily have resulted from the use of no more than reasonable force. The BWC video depicts only minimal use of force to get him into handcuffs. (*See* Huff Dec. ¶ 12, BWC Ex. 1 to Huff Dec.; Rambin Dec. ¶ 4, BWC Ex. 1 to Rambin Dec.) As a result, the force used was objectively reasonable. At a minimum, Deputies Huff and Rambin are entitled to qualified immunity.

**5.     Searches Lawful.**

The searches of Plaintiff's person and vehicle by Deputy Rambin and Sgt Cuthbertson were all lawful in the course of Plaintiff's lawful arrest.[2] The undisputable facts based on the BWC video and Plaintiff's own admissions are that probable cause existed for at least two crimes -- Failure to Present and Resisting Arrest -- before Deputy Rambin and Sgt. Cuthbertson arrived on the scene. It is undisputed that Plaintiff' vehicle was blocking a private driveway that was not his own. (Huff Dec. ¶¶ 2, 17; Rambin Dec. ¶ 8; Cuthbertson Dec. ¶ 7.)[3]

Plaintiff argues that Oregon law does not authorize a search of a person's vehicle for evidence of identity during an arrest for Failure to Present. However, Plaintiff ignores the undisputed fact that he was also under arrest for Resisting Arrest and he had not yet been identified. "A custodial arrest of a suspect based on probable cause is a reasonable intrusion

---

[2] Plaintiff does make any state law tort claim related to any search. (*See* Compl. ¶¶ 66-73.)
[3] Plaintiff does not dispute where he parked his car. (*See generally* Plf's Resp in Opp'n to MSJ)

under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification." *Moore*, 533 U.S. at 177. Sgt Cuthbertson's brief search of Plaintiff's driver area was a lawful search incident to arrest as a matter of law.

Similarly, Deputy Rambin's search of Plaintiff's person was a lawful search incident to arrest. "The interests justifying a search are present whenever an officer makes an arrest. A search enables officers to safeguard evidence, and, most critically, to ensure their safety during the extended exposure which follows the taking of a suspect into custody and transporting him to the police station." *Id*. Deputy Rambin's inventory search of Plaintiff's vehicle prior to the tow was also a lawful inventory search as a matter of law. "[I]nventory searches are now a well-defined exception to the warrant requirement of the Fourth Amendment." *Colorado v. Bertine*, 479 U.S. 367, 371 (1987). Inventory searches include the opening of closed containers and "serve to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger." *Florida v. Wells*, 495 U.S. 1, 4 (1990). At a minimum, Deputy Rambin and Sgt Cuthbertson are entitled to qualified immunity. To the extent Plaintiff brings unlawful search claims against Deputy Huff, she is entitled to qualified immunity for the same reasons.

**6.        Plaintiff Not Maliciously Prosecuted.**

It is undisputed that Plaintiff was arrested on two crimes – Failure to Present and Resisting Arrest. However, it is also undisputed that the Washington County District Attorney's Office only initiated criminal proceedings on the Failure to Present charge. (Catibayan Dec. in Supp. of MSJ ¶ 8.) DDA Catibayan did not institute or prosecute the charge of Resisting Arrest. (*Id*. ¶ 7.) Without a prosecution, the malicious prosecution claim, both state and federal, does not

exist because there was no institution of criminal proceeding on that charge. It remains an arrest only, not a prosecution. An essential element of the federal and state claim fails.

Regardless, probable cause is a complete defense to both federal and state malicious prosecution claims. *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054–55 (9th Cir. 2009); *Hartley v. State Water Res. Dep't*, 77 Or. App. 517, 520 (1986). As set forth above, probable cause existed for the crimes of Failure to Present and Resisting Arrest based upon the undisputable facts. Plaintiff's malicious prosecution claims fail.

Furthermore, it is undisputed that DDA Catibayan at all times exercised his independent judgment without any influence or attempted influence from Washington County, Deputy Huff, Deputy Rambin, or Sgt. Cuthbertson. (Catibayan Dec in Supp. of MSJ ¶¶ 5-7.) In fact, he never spoke with any of them. (*Id*. ¶ 4; Huff Dec. ¶ 23; Rambin Dec. ¶ 13; Cuthbertson Dec. ¶ 12.) It is well established that officials are not liable for damages suffered by the arrested person <u>after</u> a district attorney files charges, unless the presumption of independent judgment by the district attorney is rebutted. *Blakenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1027 (9th Cir. 2008). Similarly, under Oregon law, a law enforcement officer can only be liable for actively participating in the criminal prosecution by insisting or urging a prosecution the officer knows to be baseless. *Miller v. Columbia County*, 282 Or. App. 348, 360 (2016); *Waldner v. Dow*, 128 Or. App. 197, 201-02 (1994). One who merely gives information on which a prosecutor makes an independent decision to charge an offense is not liable for instituting the prosecution. *Humbert v. Knutson*, 224 Or. 133, 138-39 (1960).

Plaintiff offers no evidence at all to rebut DDA Catibayan's prosecutorial independence. (See Plf's Resp. in Opp'n to MSJ ¶ 69.) He bears the burden of producing evidence to rebut the

Page **14** of **16** - DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

presumption of prosecutorial independence. *Sloman v. Tadlock*, 21 F.3d 1462, 1474 (9th Cir. 1994). Plaintiff's account of the incident, alone, is legally insufficient to rebut the presumption of independent prosecutorial judgement. *Collins v. City of Colton*, 747 F. App'x 467, 470 (9th Cir. 2018) (citing *Newman v. County of Orange*, 457 F.3d 991, 994-95 (9th Cir. 2006)). Accordingly, Plaintiff's federal and state malicious prosecution claims fail as a matter of law. At a minimum, Deputies Huff and Rambin and Sgt Cuthbertson are entitled to qualified immunity.

### 7.      Plaintiff's State Law False Arrest, Assault and Battery Claims Fail.

Plaintiff's state law false arrest, assault, and battery claims fail for the same reasons as set forth above. Probable cause is a complete defense. *LeRoy*, 12 Or. App. at 631; *Bacon*, 81 Or. App. at 150. The undisputable facts establish probable cause as a matter of law.[4]

Similarly, it is a complete defense to assault or battery if the officer used force as authorized by statute. *Grobstein v. Port of Portland*, 2021 WL 1300115, at *11 (D. Or. Feb. 16, 2021), *report and recommendation adopted*, 2021 WL 1299195 (D. Or. Apr. 7, 2021). Oregon law protects police officers from liability for assault and battery when "the physical violence exerted by the officers against plaintiff was no more than necessary to accomplish the legitimate purpose of fulfilling their duty." *Gigler v. City of Klamath Falls*, 21 Or. App. 753, 763 (1975); *see also Price v. City of Sutherlin*, 945 F. Supp. 2d 1147, 1157 (D. Or. 2013) ("[T]he success of a plaintiff's assault and battery claims [against a police officer] is contingent upon whether the use of force was excessive under the Fourth Amendment.") As set forth above, the force used to get Plaintiff into handcuffs and custody was minimal and routine. His battery and assault claims fail.

///

---

[4] The one difference with state law false arrest is that an officer must also have a subjective belief that a crime has been committed and that subjective belief is objectively reasonable. *Miller*, 282 Or. App.at 357. Plaintiff offers no evidence challenging Deputy Huff's subjective belief that he committed a crime; rather he repeatedly argues that she was wrong. (*See* Plf's Resp in Opp'n to MSJ ¶¶ 36-51.)

**CONCLUSION**

For all the reasons set forth above and in Defendants' Motion for Summary Judgment and Declarations in support of both, all Defendants are entitled to summary judgment on all of Plaintiff's claims.

DATED: May 28, 2026.

        *s/David C. Lewis*
        David C. Lewis, OSB No. 953348
        Senior Assistant County Counsel
        *dave_lewis@washingtoncountyor.gov*
        Attorney for Defendants

## CERTIFICATE OF SERVICE

I certify that on May 28, 2026, I served a true and correct copy of each of the documents listed below on the following attorneys and parties by one of the following methods as designated for each recipient of service below:

Mail                First class mail plainly addressed as shown and deposited, postage fully prepaid, on May 28, 2026, with the U.S. Postal Service for delivery.

ECF                 Electronic filing with the Court.

Email               Electronic mail pursuant to ORCP 9 G/FRCP 5(b)(E).

Persons Served:

| Name and Address | Attorney for | Service Method(s) |
| --- | --- | --- |
| Leonid P. Krivolenkov<br>11411 NE 47th Court<br>Vancouver, WA 98686 | Plaintiff, *Pro Se* | Mail<br>ECF<br>Email |

Documents:

- **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
- **DECLARATION OF DAVID C. LEWIS IN SUPPORT OF DEFENDANTS' REPLY TO MOTION FOR SUMMARY JUDGMENT**
- **DECLARATION OF CARLOS CATIBAYAN IN SUPPORT OF DEFENDANTS' REPLY TO MOTION FOR SUMMARY JUDGMENT**
- **DECLARATION OF RIMA DAVIDSON IN SUPPORT OF DEFENDANTS' REPLY TO MOTION FOR SUMMARY JUDGMENT**
- **DECLARATION OF NICOLETTE GUZMAN COLBURN IN SUPPORT OF DEFENDANTS' REPLY TO MOTION FOR SUMMARY JUDGMENT**

*s/David C. Lewis*

David C. Lewis, OSB No. 953348
Of Attorneys for Defendants